

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

YOLANDA M. POWELL-YOUNG                                      **PLAINTIFF**

VS.                                      **CIVIL ACTION NO.:** *3:15-cv-858 HTW-LRA*

ALCORN STATE UNIVERSITY                                      **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Yolanda M. Powell-Young, by any through her counsel,

Watson & Norris, PLLC, and files this action against the Defendant, Alcorn State

University.   As more specifically set forth below, Plaintiff has been subjected to sex

discrimination, retaliation and breach of contract in the terms and conditions of her

employment with Defendant.  The actions of the Defendant are in violation of the Title VII

of the Civil Rights Act of 1964, as amended.  In support of this cause, the Plaintiff would

show unto the Court the following facts to-wit:

### PARTIES

1.      The Plaintiff, Yolanda M. Powell-Young, is an adult female of Adams County

residing at 125 Lower Woodville Road, Natchez, MS 39120.

2.      The Defendant, Alcorn State University, is a public institution of higher

education located in Lorman, Mississippi and is the recipient of federal funding. Defendant

may be served with process through the Mississippi Attorney General's Office: Jim Hood,

Mississippi Attorney General, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction.

4.     This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.     A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A," and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

5.     Plaintiff was heavily recruited by the immediate past Provost, Dr. Samuel L. White to assume the position of the Dean of the School of Nursing for the Natchez, Mississippi campus and was ultimately hired by Defendant in December 2013 with the express promise that she would hold the position for at least three (3) years.

6.     In August of 2014, the Interim Provost, Dr. Donzell Lee began verbalizing that Plaintiff would not be recommended for reappointment as Dean.  There was no cause for this action and Plaintiff was told by Dr. Lee that because Mississippi is an "at-will" state, he did not have to provide a cause.

7.     Dr. Lee then initiated a campaign of hostility, harassment and subterfuge against Defendant.

8.     Dr. Lee's actions have made it extremely difficult for Plaintiff to conduct the major responsibilities outlined in her job description.

9.     Specifically, Dr. Lee's actions include unwarranted reprimands, changing duty assignments, soliciting complaints from other personnel, encouraging insubordination among subordinates, interference with career progress and implementing retaliatory schemes when the inappropriate actions and behaviors were brought to the attention of upper administration.

2

10.     Dr. Lee encouraged and entertained faculty to circumvent Plaintiff's point of contact with their personal concerns or complaints.  Instead, he devoted two days to on-campus meetings relative to their complaints, and Plaintiff was subsequently reprimanded based on these proceedings.   After speaking with her male counterparts, Plaintiff discovered that this course of behavior had not been an issue for them.

11.     Plaintiff has been stymied in selecting and hiring personnel for her area and has had to submit additional paperwork to defend her selections.  All male Deans have not been subjected to the same requirements.

12.     Plaintiff's position description was edited during the middle of the contract year and required her signature.  No other academic Dean has had to do this.

13.     As part of Plaintiff's incentive package for hire, a moving/relocation stipend was included.  Dr. Lee refused to honor that part of Plaintiff's contract although a male Dean, Dr. Beckett, raised the same issue as Plaintiff and was ultimately awarded the moving stipend.

14.     From December 2014 through March 2015, Plaintiff complained to the President and the Human Resources Director about Dr. Lee's inappropriate actions but received no results to alleviate the situation.

15.     On July 2015, Defendant retaliated against Plaintiff, and Plaintiff was removed from the position of Dean with a significant reduction in pay.  She has asked for but not received any explanation for this.  Plaintiff is currently working with no contract.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF TITLE VII - SEX DISCRIMINATION

16.      Plaintiff incorporates paragraphs 1 through 15 above as though fully incorporated herein.

17.      Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her gender, female, in that currently she is the only female academic Dean.

18.      Plaintiff has suffered an adverse employment action, demotion, as a result of the Defendant's discriminatory treatment of Plaintiff.

19.      Plaintiff has been harmed as a result of this discrimination, and the Defendant is liable to Plaintiff for the same.

20.      The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to the recovery of damages.

### COUNT II - VIOLATIONS OF TITLE VII – RETALIATION

21.      Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 20 above as though specifically set forth herein.

22.      Defendant has violated Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for complaining of and filing a complaint of discrimination with the EEOC.

23.      The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and other federal laws, and entitle Plaintiff to recovery of damages.

4

24.     As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

## COUNT III – BREACH OF CONTRACT

25.     Plaintiff incorporates the above paragraphs 1 through 24 above as though specifically set forth herein.

26.     Defendant, acting by and through its agents and employees, did knowingly, willfully, and intentionally breach Plaintiff's employment contract in that Defendant refused to maintain Plaintiff in the position promised and intentionally refusing to pay Plaintiff's moving expenses.

27.     As direct and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Future wages;
2.     Back pay;
3.     Compensatory damages;
4.     Attorney's fees;
5.     Costs and expenses; and
6.     Any other relief to which she may be properly entitled.

THIS, the _30th_ day of November 2015.

Respectfully submitted,

YOLANDA M. POWELL-YOUNG, PLAINTIFF

By: _____

Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com